IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:97-CR-00098-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| EMMETT MADISON GRAHAM, JR., ) | |
| Defendant. ) | |

Before the court is Defendant's Motion to Clarify the Return of his Property[1] [DE-291]. Defendant argues that he is seeking clarification as to the status of his land that was taken during sentencing in 1998.

**Procedural Background**

On December 30, 1997, Defendant was charged in a four-count indictment. *See* Indictment [DE-3]. In Count One, he was charged with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1); in Count Two, he was charged with aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; in Count Three, he was charged with aiding and abetting the use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), 2; and in Count Four, he was charged with criminal forfeiture, in violation of 21 U.S.C. § 853. *Id.*

Defendant exercised his right to trial by a jury. On July 1, 1998, the jury returned a

---

[1] Defendant's instant motion [DE-291] consists of two distinct parts: (1) a Motion to Terminate or Modify his Supervised Release and (2) a Motion to Clarify the Return of his Property. On August 26, 2013, the undersigned entered an order denying Defendant's request for termination of his supervised release. [DE-292.] The instant order deals solely with the second part, the request for clarification on the return of his property.

verdict of guilty on Counts One through Four of the Indictment. [DE-94, DE-95.]

The court entered a Preliminary Order of Forfeiture on August 20, 1998. [DE-99.] The Order provided for forfeiture of the following:

> That 6.05 acre tract of land, more or less, and being the same as shown on a map entitled "Plat for Emmett Graham and wife, Evelyn Graham" dated June 3, 1993, prepared by Billy M. Duncan, R.L.S.

*Id.*

On September 14, 1998, Defendant was sentenced to 150 months' imprisonment on Counts One and Two, and the sentences were ordered to run concurrently. *See* Judgment [DE-106]. Defendant was sentenced to 60 months' imprisonment on Count Three, and it was ordered to run consecutively. *Id.*

Defendant appealed to the Fourth Circuit Court of Appeals. [DE-110.] On July 20, 1999, the Fourth Circuit affirmed in an unpublished opinion. [DE-147.] Defendant's petition for writ of certiorari was denied.

## Discussion

On October 12, 2000, Defendant filed a motion pursuant to 28 U.S.C. § 2255. [DE-164.] In his motion, Defendant alleged, *inter alia*, that his counsel was ineffective for failing to object to the forfeiture of the 6.05 acres of land in Count Four. In the Memorandum in Support of its Motion to Dismiss or Motion for Summary Judgment [DE-173], the Government conceded that the forfeiture count conviction with respect to the property described in the Indictment should be vacated. Consistent with the Government's concession, the court's May 11, 2001 Order provides as follows: "[I]t hereby is ORDERED that Graham's conviction on Count IV - - the forfeiture count - - is SET ASIDE." [DE-180.] Additionally, the subsequent Amended Judgment dated

2

Case 7:97-cr-00098-F Document 293 Filed 08/27/13 Page 2 of 3

August 7, 2001, provides that Count Four was set aside. [DE-195.] For all these reasons, Defendant hereby is advised that the forfeiture of his property under Count Four was vacated.

SO ORDERED.

This, the 27 day of August, 2013.

                                    James C. Fox
                                    JAMES C. FOX
                                    Senior United States District Judge